[Mobley v. The State.]

# Mobley *v.* The State.

*Abusive Language.*

(Decided June 13, 1907.  44 South. 379.)

*Abusive Language.*—Under section 4306, Code 1896, the use of the language denounced must be in or near a dwelling house, or in the presence or hearing of the family, and the use of such language within the curtilage is not necessarily sufficient for a conviction; nor would the use of such language in the yard, garden, barn, lot, smokehouse, etc., constitute the offense unless near to the dwelling house.

APPEAL from Pike County Law and Equity Court.
Heard before Hon. A. H. OWENS.

Malachi Mobley was convicted for using abusive, etc., language at or near a dwelling house, and he appeals. Reversed and remanded.

Prosecution for using abusive or insulting language at or near a dwelling house. In his oral charge the court said: "I furthermore charge you that the statute under which this prosecution is brought embraces, not only the dwelling house proper, but the yard, garden, barn, lot, smokehouse, etc., within the curtilage of the dwelling." The defendant also requested the following charge, which was refused: "When it is contended by the state that the offense consists in defendant's entering into or going sufficietly near to the dwelling house of another and using abusive, insulting, or obscene language in the presence or hearing of the family of the occupant thereof, or any member of his family, the language used must be used in or suffiicently near to the dwelling house to be in the presence of, or be heard by the family of, the occupant, or any member of such family, while they are in or at such dwelling." Defendant was convicted and fined.

[Mobley v. The State.]

G. A. BAKER, for appellant.—The court erred in giving the general portion of the charge accepted to. The present statute by its words preclude such a construction. The case of *Ivey v. The State*, 61 Ala. 58, is not applicable.

ALEXANDER M. GARBER, Attorney General, for State.— No brief came to the Reporter.

McCLELLAN, J.—Any person who goes into or "sufficiently near to the dwelling house of another and in the presence or hearing of the family of the occupant thereof, or any member of his family," uses abusive, insulting, or obscene language, is guilty of a violation of section 4306, Code 1896, the present statute. The use of such language within the curtilage is not necessarily sufficient to warrant a conviction; much less the use thereof within the limits stated by the trial judge in his oral charge. The statute refers only to the dwelling house, and that term is sufficiently definite for all occasions. The object sought to be conserved by the statute was the protection of the house. The oral charge expounded the statute beyond its meaning and terms, and was, therefore, erroneous.

For the error stated, the judgment will be reversed, and the cause remanded.

Reversed and remanded.